## Church *against* Hampton.

In an action of assumpsit by three partners, in which the defendant pleads non-assumpsit, payment and set-off, one of the plaintiffs cannot be made a competent witness by releasing after suit brought all his interest in the claim to his co-plaintiff and paying into court all the costs of the suit which have accrued or may accrue, to the final termination of the action.

ERROR to the District Court of *Allegheny* county.

Wade Hampton, George P. Smith and William Ebbs, trading under the firm of Hampton, Smith & Co. against Thompson Church and Samuel Kyle, trading under the firm of T. Church & Co. Assumpsit brought to November term 1841. The declaration contained the common counts for goods sold and delivered, and also a count charging that Hutchinson & Ledlie had made their promissory note and delivered the same to the defendants,

[Church v. Hampton.]

and thereby promised to pay the defendants $675, and that the defendants afterwards endorsed the same to the plaintiffs, and that Hutchinson & Ledlie did not pay the same, although the same was presented to them for payment on the day when it became due, of all which defendants had notice. The defendants pleaded non-assumpsit, payment with leave and set-off.

The plaintiffs proved the sale and delivery to the defendants of sundry bills of merchandise. They then exhibited the assignment of Wade Hampton and George P. Smith, two of the plaintiffs, dated November 5th 1842, of all their interest in the assets of the firm of Hampton, Smith & Co. to William Ebbs, the other plaintiff, and the plaintiff paid into court $30, which the court adjudged sufficient to meet the costs due and likely to become due. They then offered George P. Smith as a witness. The defendants objected to the witness on the ground of incompetency. A witness testified he was a clerk of the plaintiffs and their debts were principally all paid, but some very small balances in the city, William Ebbs was considered rich. The court overruled the objection and sealed an exception. The witness Wade Hampton was then called by the plaintiffs and examined.

The defendants then gave evidence of several matters of set-off and payments on account, and requested the court to charge the jury upon the following point:

"If upon a fair examination of the respective accounts between the parties, they shall find a balance in favour of the defendants, it is their duty to certify such balance to the court, and if there is no evidence of the note of Hutchinson & Ledlie having been taken up by the defendants without payment, except that of Wade Hampton, one of the plaintiffs; if his testimony is the only obstacle to a certificate in favour of the defendants, excluding from their computation the note aforesaid, they should disregard his testimony and so exclude it, he being directly interested to that amount; that his own testimony is not competent to protect himself and his co-plaintiffs from such a certificate."

The court charged the jury that if, on examination of the testimony, they found a balance in favour of the defendants, they should so certify, but as to the remainder of the instruction requested they refused so to instruct the jury, and sealed an exception.

*Miller*, for the plaintiff in error, cited 1 *Bailey* (S. C.) 364; 3 *Watts & Serg.* 320; 14 *Serg. & Rawle* 54; 9 *Watts* 571.

*Metcalf* and *Loomis*, contra.

Per Curiam.—This action is in the name of three partners, two of whom have assigned their property in the partnership effects to the third, who is the plaintiff in interest. The defendants pleaded a

[Church v. Hampton.]

set-off; and the plaintiff produced one of his late partners as a witness at the trial, not to rebut the alleged set-off indeed, but to sustain the partnership demand. But what if it should not be sustained to the extent of the set-off? There would be a verdict for the defendants, and a certificate of balance against the plaintiffs on the record which would involve the witness in direct and personal liability. If the demand were sustained to the extent of the set-off, he would be discharged from responsibility; and his interest, therefore, lay in sustaining it that far by his testimony. Were the position of the parties reversed—the present defendants being plaintiffs, and the present plaintiffs being defendants—it would not be thought that he might be called to sustain, as a set-off, the demand set out in the present declaration, because a failure to maintain it would involve him, as a party, in a verdict and judgment for the debt. And what is the difference between such a case and the present, in which the parties seek to enforce cross demands by proceedings in which both are actors? Instead of a verdict direct, there may be a certificate of balance against the witness, as conclusive as a verdict, and he therefore had a direct interest in the event. It is scarce necessary to remark that the refusal of the prayer for direction as to the effect of his testimony stands on the same ground.

Judgment reversed, and a *venire de novo* awarded.